UNITED STATES, Appellee,

v.

Wilson FRASIER, Jr., Captain,
U.S. Air Force, Appellant.

No. 97–0769.
Crim.App. No. 32105.

U.S. Court of Appeals for
the Armed Forces.

Argued March 24, 1998.

Decided Aug. 13, 1998.

For Appellant: *Lieutenant Colonel Kim L. Sheffield* (argued); *Colonel Douglas H. Kohrt* and *Captain Thomas R. Uiselt* (on brief); *Major Ormond R. Fodrea, Major Carol L. Hubbard,* and *Major Kevin P. Koehler.*

For Appellee: *Major J. Robert Cantrall* (argued); *Colonel Brenda J. Hollis* and *Lieutenant Colonel Michael J. Breslin* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Appellant, a 30–year–old married Air Force officer, was charged with adultery with a 16–year–old, subornation of the 16–year–old's testimony, sodomy with the 16–year–old, disobeying an order not to have contact with the 16–year–old, and conduct unbecoming an officer by telling an airman basic that he could help her with her career and that a female sergeant had stated she wanted to have sex with him. After 4 hours of deliberation, a general court-martial convicted appellant, contrary to his pleas, of disobeying an order not to have contact with a witness, adultery, and conduct unbecoming an officer, in violation of Articles 92, 133, and 134, Uniform Code of Military Justice, 10 USC §§ 892, 933, and 934, respectively. The convening authority approved the sentence of a dismissal but reduced the confinement from 6 months to 3 months. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED IN DENYING APPELLANT THE OPPORTUNITY TO CALL LT SANDOVAL TO TESTIFY THAT APPELLANT HAD REPORTED TO HER A "CONTACT" WITH THE ALLEGED VICTIM WHILE APPELLANT WAS UNDER AN ORDER TO HAVE NO CONTACT WITH THE ALLEGED VICTIM.

We hold that, if there was error, it was harmless. Art. 59(a), UCMJ, 10 USC § 859(a).

## FACTS

Appellant's commander, LtCol Levan, ordered appellant "not to have any contact with [KLN], directly or indirectly, that he wasn't to try to call her, to try to see her, to drive by her house, or try to contact her in any way, whether through someone else or any other way." Appellant was charged with violating this order by attempting to contact and by contacting KLN between September 27 and October 23, 1995, "by calling [DR] on the telephone and telling her to ask [KLN] to call him ... and by calling [KLN] on the telephone."

At trial, DR testified that she received a call on October 19, 1995, from a man who identified himself as "Wilson," appellant's first name, asking if "[KLN] was at [her] house." When DR replied "No," the caller asked DR to tell KLN to get in touch with him. KLN testified that appellant called her at the end of September and on October 23, 1995. She also testified that appellant arranged to meet with her and offered to pay her money if she would lie in his case.

On cross-examination, KLN testified that on October 4, 1995, she saw appellant driving in the opposite direction, that KLN made a U-turn and caught up with him at a gas station, and that appellant told her he was not supposed to have any contact with her and, subsequently, left the gas station.

To substantiate appellant's proffered intent to comply with the no-contact order, the defense attempted to offer the testimony of Lt Sandoval. Lt Sandoval would have testified that, after the contact at the gas station, appellant called her and said that he had met KLN at a gas station and told her he could not have anything to do with her and left. The defense argued that appellant's statement to Lt Sandoval was not offered for the truth of the matter asserted. The judge ruled that this testimony was hearsay and inadmissible.

The defense argues that this evidence would have assisted in appellant's argument that he took LtCol Levan's order seriously and did not willfully violate the order by calling KLN. The Government asserts this was clearly inadmissible hearsay. Further, the Government contends that in any event, if the judge erred, it was harmless.

## DISCUSSION

■ Our standard in reviewing exclusion of evidence is abuse of discretion. *United States v. Sullivan*, 42 MJ 360, 363 (1995). Mil.R.Evid. 801(c), Manual for Courts–Martial, United States (1995 ed.), provides that a statement is not hearsay if not "offered in evidence to prove the truth of the matter asserted."

■ Lt Sandoval's testimony was offered to establish that appellant called her and reported his contact with KLN at a gas station. As asserted by the defense, this would have supported his theory that he did not intend to violate the no-contact order. Evidence of a call to Lt Sandoval by appellant reporting his contact with KLN was not offered for the truth of the matter asserted. To ensure that the statement was not considered by the panel members for the truth of the matter asserted, limiting instructions would have been permissible. *See* Mil. R.Evid. 105. However, we need not decide if there was error, *see* Mil.R.Evid. 801(c), 803(1), or 803(3), because any failure to admit this report through the testimony of Lt Sandoval was harmless. The facts and circumstances of the contact and appellant's reaction to it were brought out through KLN's testimony and were, therefore, available to the defense to show that appellant was serious about the no-contact order. In the context of the violation charged in this case— which occurred 2 weeks after the contact at the gas station—any error in excluding the additional evidence that he reported the contact at the gas station to his commander was not prejudicial.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, GIERKE, and EFFRON concur.